```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN ANDREW ECKERT, JR., #375435,

                              Plaintiff,

       -against-                                                    ORDER
                                                                    19-CV-06991 (JMA)(SIL)
SUFFOLK COUNTY JAIL,

                              Defendant.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On December 4, 2019, incarcerated *pro se* plaintiff Kevin Andrew Eckert, Jr. ("Plaintiff") commenced this action against the Suffolk County Jail (the "Jail") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (See Complaint, ECF No. 1.) Accompanying the complaint is an application to proceed *in forma pauperis*, (ECF No. 2), and an application for the appointment of *pro bono* counsel to represent him in this case. (ECF No. 3.)

Upon review of the declarations accompanying Plaintiff's application to proceed *in forma pauperis*, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis*, but *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the complaint, Plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew upon filing an amended complaint in accordance with this order.

## I.    BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

form.[2]  Plaintiff's statement of claim alleges:

> I was asked to move the officers desk back to its correct place. The video will show that I indeed moved the desk. In the course of doing so I tore my (R) right bicep muscle. An incident report was filed and I was immediately sent to the medical department for further evaluation and treatment.

(Compl. ¶ II.)  Plaintiff claims that he was scheduled to have surgery, but it was canceled, and he is in "excruciating pain."  (Id. ¶ II.A.)  For relief, Plaintiff seeks to recover a monetary award in the sum of ten million dollars.  (Id. ¶ III.)

In addition, Plaintiff has annexed a four-page handwritten statement to the Complaint that describes his claim in greater detail.  Specifically, Plaintiff alleges that his injury occurred on November 3, 2019 and that he was seen by the medical unit that day where his "arm was wrapped with an ace bandage" and he was given Motrin and a cold pack.  (Compl. at 6.)  Plaintiff alleges that he was informed by the medical unit that he "would be sent out to be seen by a outside specialist the following day."  (Id.)  Having not been taken to an outside specialist on November 4, 2019, Plaintiff filed a grievance.  (Id.)  On November 5, 2019, Plaintiff was taken to Peconic Medical Center when he was seen by a doctor and who informed Plaintiff that an orthopedic specialist should examine him and perform surgery to repair his torn bicep.  (Id. at 7.)  On November 7, 2019, Plaintiff was taken to Stony Brook Orthopedic Center where he was examined, and an MRI was ordered.  Although the doctor allegedly advised Plaintiff that "time is of the essence for the surgery to be performed," Plaintiff was not taken for an MRI until November 19, 2019.  (Id. at 7, 9.)  Plaintiff alleges that, as of November 26, 2019, he still is awaiting surgery.  (Id. at 9.)

---

[2]  Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

## II. DISCUSSION

**A.     *In Forma Pauperis* Application**

Upon review of Plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), is granted.

**B.     Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation

marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person

of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

1.  **Section 1983 Claims Against the Jail**

Plaintiff names the Jail as the sole defendant. However, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Suffolk County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2

(E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued"); Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued"). Therefore, Plaintiff's claims against the Jail are implausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given Plaintiff's *pro se* status, the Court considers next whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County. For the reasons that follow, he has not.

### 2. Section 1983 Claim as Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, Plaintiff must prove that a municipal policy or custom caused a deprivation of his rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, Plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a

complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Suffolk County.

### 3. State Law Claims

Given the nature of Plaintiff's allegations, it appears that Plaintiff also seeks to allege state law negligence claims. Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank,

171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint", bear the same docket number as this Order, 19-CV-6991(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, this case will be closed.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's complaint is dismissed *sua sponte* in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a for relief pursuant to Section 1983. Furthermore, the Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore the state law claims are dismissed without prejudice.

However, Plaintiff is granted leave to file an amended complaint within thirty (30) days in accordance with this Order. If Plaintiff does not file an amended complaint within that time period, judgment shall enter, and this case will be closed. Given the dismissal of Plaintiff's complaint, the application for the appointment of *pro bono* counsel is denied without prejudice

and with leave to renew upon filing an amended complaint in accordance with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff at his last known address.


**SO ORDERED.**                                      __/s/ (JMA)_____
                                                                                Joan M. Azrack
Dated:   February 27, 2020                    United States District Judge
          Central Islip, New York